IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JAMES H. PARKER, | Cause No. CV 25-69-H-DLC |
| Plaintiff, | |
| vs. | ORDER |
| TAYLOR SWIFT, | |
| Defendant. | |

On September 26, 2025, James H. Parker, filed the instant civil action pursuant to 42 U.S.C. §1983.  (Doc. 2.)  Parker is currently incarcerated at Montana State Prison and is proceeding pro se.

**Motion to Proceed in Forma Pauperis**

Parker indicates that he is unable to pay court costs and seeks leave of the Court to proceed in forma pauperis, but he failed to file an accompanying account statement as required by 28 U.S.C. §1915(a).  Because there is no reason to delay this matter, however, the motion will be granted.

**Factual Allegations**

Parker alleges that Taylor Swift, "artist/entertainer,"  over the "public air

1

waves" during the time President Trump took office, has committed malicious

prosecution, slander, and defamation under Section 1983 that has affected his way

of life and that of his family.  (*Id*. at 3-5, 12.)  Parker alleges that Swift, acting in

her individual capacity, has made malicious and obscene statements and committed

slander, defamation, and harassment under Montana law.  Parker asserts this

amounts to "personal injury" in every sense fathomable as it relates to slander.  (*Id*.

at 12.)  Parker believes that his family in North Carolina, Montana, and members

of the Trump administration heard these slanderous statements from Swift.  (*Id*. at

13.)  He believes that discovery will show facts supporting his claims and that he

will be able to show that the statements affected his placement in secured housing

at Montana State Prison.  (*Id*. at 13-14.)

Parker's claims are difficult to follow, but he suggests that he was

wrongfully placed in administrative segregation.  (*Id*. at 14-15.)  While Parker

states he did not tell anybody about Swift, he believes some guards witnessed her

engaging in unidentified activity.  (*Id*. at 15.)  In support of this claim, Parker

attaches a flow chart that was provided to him by the prison's grievance

coordinator.  *See*, (Doc. 2-1.)  He states his appeals have been blocked by the

mailroom.  (Doc. 2 at 15.)[1]

---

[1] The Court notes that Parker filed very similar allegations against actress Sandra Bullock in *Parker v. Bullock*, Cause No. CV-25-86-GF-DWM. *See*, Comp. (filed Sept. 26, 2025).

Parker seeks damages for injury to his reputation, impairment to his standing in the community, personal humiliation, pain and suffering, emotional distress, and for putting his family and himself in danger of death and bodily harm.  (*Id*. at 5.) He asks this Court to grant him procedural due process, that his case be heard, and for any additional relief deemed appropriate.  (*Id*.)

**Screening Requirement**

Parker is a pro se prisoner, accordingly this Court must review his Complaint. *See* 28 U.S.C. § 1915A.  This requires the Court to dismiss a complaint filed by a prisoner against a governmental defendant before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* Sections 1915A(b) and 1915(e)(2)(B).

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Under modern pleading standards, Rule 8 requires a complaint to "contain a sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The *Iqbal/Twombly* "facial plausibility" standard is met when a complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id*. (*citing Twombly*, 550 U.S. at 556). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than…unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id*. (internal quotation marks omitted).

The Court liberally construes the pleading to determine whether a case should be dismissed for failure to plead sufficient facts to support a cognizable legal theory or for the absence of a cognizable legal theory. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable factual and legal basis. *See Jackson v. Arizona*, 885 F. 2d 639, 640 (9th Cir. 1989)(discussing Federal Rule of Civil Procedure 12(b)(6)), *superseded on other grounds by Lopez v. Smith*, 203 F. 3d 1122 (9th Cir. 2000).

**Analysis**

To state a plausible claim under the civil rights statute, a plaintiff must allege a violation of two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *Crumpton v. Gates*, 947 F. 2d 1418 (9th Cir. 1991). The "color of law" or "state actor" requirement is "a jurisdictional requisite for a § 1983 action." *West v. Atkins*, 487 U.S. 42, 46 (1988); *Gritchen v. Collier*, 254 F. 3d 807, 812 (9th Cir. 2001). "[P]rivate parties are not generally acting under color of state law." *Price v. State of Hawaii*, 939 F. 2d 702, 707-08 (9th Cir. 1991), *cert. denied*, 503 U.S. 938

4

(1992).  The Court must "start with the presumption that private conduct does not constitute governmental action."  *Sutton v. Providence St. Joseph Medical Center*, 192 F. 3d 826, 835 (9th Cir. 1999).

As a preliminary matter, while Parker references a right to procedural due process, (Doc. 1 at 5), the only specific references made are to purported violations of state law.  (*Id.*  at 3-5, 12.)  He fails to articulate the manner in which his federal constitutional rights were violated.  Thus, he cannot make the first essential showing of a civil rights claim.

Next, Parker seeks to sue a private individual for her purported acts that somehow affected his prison placement.  While the allegations are facially not plausible, to state a section 1983 claim against this Defendant, Parker must plead facts sufficient to raise a reasonable inference that the Defendant was a state actor.  He has failed to do so.  In his complaint Parker, at most, alleges private conduct.  But the state-action element in section 1983 excludes from its reach merely private conduct, no matter how wrongful.  *See Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F. 3d 806, 812 (9th Cir. 2010). Defendant Swift is a recording artist and not a state actor under section 1983.  While Swift may have made unidentified statements that were upsetting to Parker, this conduct is not actionable in federal court under section 1983.

28 U.S.C. § 1915A requires the dismissal of a complaint that fails to state a

claim upon which relief may be granted but does not deprive the district court of its

discretion to grant or deny leave to amend.  *Lopez v. Smith*, 203 F.3d 1122, 1127

(9th Cir. 2000).   The Court can decline to grant leave to amend if "it determines

that the pleading could not possibly be cured by the allegation of other facts."

*Lopez*, 203 F.3d. at 1127 (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir.

1995)).   Leave to amend is liberally granted to pro se litigants unless it is

"absolutely clear that the deficiencies of the complaint could not be cured by

amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing*

*Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).

Parker has failed to state a claim upon which relief may be granted.  He

alleges no violation of federal law, and the named defendant is not a state actor

subject to suit under section 1983.  These are defects which could not be cured by

amendment; leave to amend would be futile.  This matter will be dismissed.

### "Strike" under 28 U.S.C. §1915(g)

The Prison Litigation Reform Act prohibits prisoners from bringing forma

pauperis civil actions if the prisoner has brought three or more actions in federal

court that were dismissed for frivolousness, maliciousness, or failure to state a

claim. 28 U.S.C. §1915(g).   Parker has failed to state a claim upon which relief

may be granted and his pleadings are frivolous and present an "obvious bar to

securing relief." *Washington v. Los Angeles County Sheriff's Department*, 833 F.3d

1048, 1055 (9th Cir. 2016)(*quoting ASARCO, LLC v. Union Pac. R.R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014)).    The dismissal of this case will constitute a strike. *See* 28 U.S.C. §1915(g).

Based upon the foregoing, the Court issues the following:

## ORDER

1.  Parker's motion for leave to proceed in forma pauperis (Doc. 1) is GRANTED.

2.  This matter is DISMISSED. The Clerk of Court is directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3.  The Clerk of Court is directed to have the docket reflect that the Court certifies that, pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure, any appeal of this decision would not be taken in good faith.

4.  The Clerk of Court is directed to have the docket reflect that this dismissal counts as a strike because the Complaint fails to state a claim upon which relief may be granted.

DATED this 29th day of September, 2025.


*/s/ Dana L. Christensen*
Dana L. Christensen
United States District Court Judge

7